(No. 37499.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES RAYMOND MOORE, Plaintiff in Error.

*Opinion filed November 26, 1963.*

JEROME ROSENHOLTZ, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James Raymond Moore was tried without a jury in the criminal court of Cook County, found guilty of larceny from the person and of assault with intent to commit rape, and sentenced to the penitentiary for a term of 2 to 10 years on each charge. A writ of error has been issued to review the convictions.

At approximately 12:20 A.M. on the morning of August 24, 1960, the prosecutrix was approaching the door of her home on the south side of Chicago, when she was accosted by a man. He drew a knife and told her in vulgar but very understandable language that he wanted sexual intercourse with her and that "if you give me that, then you won't get hurt." He took her arm and walked her into a gangway between two houses where he tied her hands behind her back and told her to walk toward the alley. When a dog began to bark, he went in front of her as though to quiet the dog and she managed to free her hands and run away. The man took her purse which contained sixty cents in change and a

money order for twenty dollars. About two weeks later the prosecutrix identified defendant as her assailant from a lineup and also identified him in open court at a preliminary hearing and at the trial. However, on cross-examination she made statements relative to his physical appearance and dress which were inconsistent with statements which she had made on earlier occasions.

Christine Feuerborn, who was employed at the currency exchange from which the money order had been purchased said that on the morning of August 24 the prosecutrix reported the money order had been stolen and asked that payment not be made on the order. Later that day a man appeared and tried to cash the money order. She obtained the order and did not return it. The man left and then returned and asked her to return the money order but she refused to do so. Both at the preliminary hearing and at the trial this witness identified defendant as the man who tried to cash the money order.

Defendant said that at the time of the crime he was walking home after having spent the evening with friends and that at the time when the attempt was made to cash the money order he was at the local welfare office. No one else testified for defendant.

He complains that his identification by the prosecutrix and by Christine Feuerborn was too uncertain and insufficient to justify his conviction. The prosecutrix had ample opportunity to observe her attacker and Christine Feuerborn had a similar opportunity to observe the man who tried to cash the money order less than 24 hours after it had been stolen. Both witnesses identified defendant at the preliminary hearing and at the trial and the prosecutrix also identified him from a lineup. Strenuous cross-examination revealed some discrepancies in the memory of these witnesses as to the physical appearance of defendant and his apparel, but neither witness retreated from her positive identification. We have considered the discrepancies brought

out on cross-examination and are of the opinion that they were not of such a nature as would require us to set aside the finding of the trial judge that defendant was the person who committed the crimes.

The defendant's next contention is that the specific intent necessary to establish the crime of assault with intent to commit rape was not proved. The intent to rape is of course an essential element of the crime. (*People* v. *Bush,* 19 Ill.2d 151.) The evidence that defendant drew a knife, told the prosecutrix he wanted sexual intercourse with her and that if he got that she would not get hurt, took her at knife point into a passageway, and tied her hands, shows beyond a reasonable doubt that he intended to rape her.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*